IRENE SCHREIBER, Appellant, v. ALEX SCHREIBER, Respondent.— In an action brought (1) to annul a marriage on the ground of physical incapacity and (2) to procure a judgment annulling a voidable marriage, order denying the application of the plaintiff for alimony and counsel fees *pendente lite* affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

EDWARD B. SHERLOCK, Appellant, v. ANSONIA SHOE CORPORATION and ANSONIA DELUXE SHOPS, INC., Respondents.— In an action brought upon two causes of action: (1) To recover damages for wrongful discharge from employment under an oral contract therefor; and (2) to recover, pursuant to another oral contract, the amount of certain hotel bills paid by the plaintiff for which defendants were, or one of them was, to reimburse plaintiff, plaintiff was nonsuited. Plaintiff appeals from the judgment and order dismissing the complaint. Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. Appeal from order dismissed, without costs. No such order is in the record. In the first cause of action plaintiff alleges that for the services to be rendered by him for the term beginning October 21, 1939, and terminating October 20, 1940, he was to receive $110 a week and " In addition, a bonus was promised to plaintiff." The court held that the plaintiff had not proved the second cause of action and that the contract alleged in the first cause of action was unenforcible because the provision for the payment of a bonus was indefinite and vague. In our opinion plaintiff established a *prima facie* case under his second cause of action. As to the first cause of action, an issue of fact was presented as to whether the bonus was intended as a gratuity or was part of the contract. Lazansky, P. J., Carswell, Johnston and Adel, JJ., concur; Taylor, J., dissents in part, with the following memorandum: As to the second cause of action, I agree with the majority that the same was established *prima facie* and that, therefore, reversal and a new trial in that phase are in order. I agree, also, that the appeal from the order should be dismissed. As to the first cause of action, however, I dissent from the reversal of the judgment and the direction for a new trial and vote for affirmance on the ground that the dismissal of the same by the trial court was proper as that cause was not established *prima facie*. The oral contract alleged therein and established *prima facie* by plaintiff's proofs, was vague and indefinite in its provision for a weekly salary *and* a bonus, as to which latter, however, the amount was not specified and there was no provision for its computation. The provision for plaintiff's compensation being for salary and bonus is not severable. The pleaded contract is unenforcible. (*Varney* v. *Ditmars*, 217 N. Y. 223, 228–233; *Petze* v. *Morse Dry Dock & Repair Co.*, 125 App. Div. 267; affd., 195 N. Y. 584; *Kineon* v. *Bonsall*, 194 App. Div. 110, 116; *McDonald* v. *Acker, Merrall & Condit Co.*, 192 id. 123.)